**HUNTER PYLE, SBN 191125**
**VINCENT CHEN, SBN 311883**
HUNTER PYLE LAW
428 Thirteenth Street, Eleventh Floor
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Email(s): hunter@hunterpylelaw.com;
       vchen@hunterpylelaw.com

Attorneys for Plaintiff and the Putative Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CLEMONS, on behalf of himself and all others similarly situated; | Case No. 4:20-cv-02274 |
| Plaintiff, | **CLASS ACTION** |
| v. | **FIRST AMENDED COMPLAINT** |
| URS MIDWEST, INC., UNITED ROAD SERVICES, INC., and DOES 1 through 10, inclusive, | 1. **FAILURE TO REIMBURSE BUSINESS EXPENSES (Labor Code § 2802);** |
| Defendants. | 2. **FAILURE TO PAY MINIMUM WAGES (Labor Code §§ 226.2; 1182.11-1182.13, 1194, 1194.2, 1197 & 1198);** |
| | 3. **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS (Labor Code §§ 226.7, 512, IWC Wage Order No. 9);** |
| | 4. **FAILURE TO AUTHORIZE AND PERMIT REST PERIODS (Labor Code §§ 226.2, 226.7, IWC Wage Order No. 9);** |
| | 5. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (Labor Code § 226, IWC Wage Order No. 9);** |
| | 6. **UNLAWFUL BUSINESS PRACTICES (Business & Professions Code §§ 17200, *et seq.*); and** |
| | 7. **PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code §§ 2698 *et seq.*).** |
| | **DEMAND FOR JURY TRIAL** |

## I.    INTRODUCTION

1.    This is a class action under Federal Rule of Civil Procedure 23, brought by plaintiff ANDRE CLEMONS ("Plaintiff").

2.    Plaintiff seeks to represent a class comprised of current and former truck drivers employed by defendants URS MIDWEST, INC. and/or UNITED ROAD SERVICES, INC. ("URS" or "Defendants") in the State of California and classified as independent contractors ("Class Members" or "Truck Drivers").

3.    This is an action for relief from Defendants' unlawful misclassification of its truck drivers as "independent contractors."

4.    Defendants have engaged Plaintiff and similarly situated truck drivers to provide car transportation services for Defendants' customers.

5.    Plaintiff and Class Members do not meet the requirements of *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018) or Labor Code section 2750.3 in order to be classified as independent contractors rather than employees. Alternatively, Plaintiff and Class Members were not properly classified as independent contractors based on the factors described in *S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341 (1989).

6.    First, Plaintiff and Class Members are not free from the control and direction of Defendants under their contracts or in fact. Second, Plaintiffs and Class Members perform work that is in the usual course of Defendants' business, i.e. transporting cars from one location to another for Defendants' customers. And finally, Plaintiff and Class Members are not customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed.

7.    Plaintiff challenges Defendants' policy of willfully and unlawfully misclassifying their truck drivers as "independent contractors" and thereby failing to indemnify them for employment-related expenses and losses; taking wrongful deductions from their wages; failing to provide off-duty meal periods; failing to permit and authorize paid, off-duty rest periods; failing to provide pay minimum wage for all hours worked; and all in violation of the California Labor Code

1 | and California's Industrial Welfare Commission Wage Order No. 9 ("IWC Wage Order No. 9").

2 |        8.     This misclassification policy has been in effect for at least four years prior to the

3 | filing of this action.

4 |        9.     Plaintiff brings claims under California law for reimbursement of business expenses

5 | and losses, premium pay for missed meal periods, premium pay for missed and unpaid rest periods,

6 | unpaid minimum wages and liquidated damages, restitution, interest, penalties, and attorneys' fees

7 | and costs. These are class claims brought on behalf of a class of truck drivers employed with

8 | Defendants during the period commencing four years prior to the filing of this action.

9 | **II.     VENUE AND JURISDICTION**

10 |      10.    On April 3, 2020, URS removed this action to the above-captioned Court. Venue is

11 | proper in this judicial district because URS maintains offices and transacts business in Alameda

12 | County, California. The unlawful acts alleged herein have occurred in and have a direct effect on

13 | Plaintiff and those similarly situated within the State of California and the County of Alameda.

14 | URS employs or have employed Plaintiff and Class Members in Alameda County.

15 | **III.     PARTIES**

16 | **A.     PLAINTIFF**

17 |      11.    Plaintiff was a truck driver employed by URS in California during the period

18 | beginning four years prior to the filing of this Complaint to the present (the "Class Period").

19 |      12.    Plaintiff worked for URS as a truck driver from April 2012 until June 1, 2019. He

20 | worked for URS pursuant to an "Independent Contractor Service Agreement" (hereafter

21 | "Contract") with URS Midwest, Inc. He performed work for URS throughout California, including

22 | in Alameda County and other San Francisco Bay Area locations.

23 |      13.    URS did not reimburse Plaintiff for employment-related expenses and losses,

24 | including the costs of gas and maintenance; took wrongful deductions from Plaintiff's wages;

25 | failed to provide Plaintiff off-duty meal periods; failed to permit and authorize Plaintiff paid, off-

26 | duty rest periods; and failed to provide Plaintiff pay minimum wage for all hours worked.

27 | //

28 |

**B.      DEFENDANTS**

14.      URS is a Delaware corporation, with an offices located in California. URS conducts business in the State of California and the County of Alameda.

15.      Plaintiff and Class Members are informed and believe that each of the Defendants is liable to Plaintiff and the Class Members as an "employer," as that term is defined in section 2(G) of Wage Order No. 9.  As employers of Plaintiff and the Class Members throughout the relevant time period hereto, defendants, and each of them, are either solely or jointly and severally liable for the economic damages, including statutory penalties, owed to Plaintiff and Class Members under common law and by statute.

## IV.      STATEMENT OF FACTS

16.      URS operates transportation facilities at multiple locations in California.

17.      At all times relevant hereto, the California Labor Code and Wage Order No. 9 have applied to Plaintiff and to all Class Members.

18.      Plaintiff is informed and believes and thereon alleges that, through common practices, policies and/or schemes, URS misclassified Plaintiff and Class Members as independent contractors and failed reimburse them for business expenses and failed to pay them wages owed and compensation for missed meal and rest breaks in order to systematically deprive them of the benefits and protections applicable to employees under California law.

19.      Class Members' primary job duty is to haul cars from one location to another in trucks under the control of URS. URS supplies Class Members with the products, equipment and physical locations to perform their job.

20.      URS controls all work details, including Class Members' schedules and work locations, the specific work duties to be performed, and the manner in which the work duties were performed.

21.      During the Class Period, Defendants have employed scores of Truck Drivers based out of its terminal locations in California. Plaintiff's and Class Members' work has been integral to Defendants' business, as they transport cars for Defendants' customers to destinations

*CLEMONS v. URS MIDWEST INC., ET AL.*
**FIRST AMENDED COMPLAINT**

designated by Defendants and its customers.

22.     Defendants have suffered and permitted Plaintiff and the Class Members to perform car transportation work for its customers.

23.     Plaintiff and other Truck Drivers have entered into the same or similar Contracts with Defendant URS Midwest, Inc. The Contracts were contracts of adhesion, presented as a form agreement by Defendant URS Midwest, Inc. and/or its subsidiaries. The Contracts are for use, i.e., "lease," of a certain truck, owned or leased by the Truck Driver, and for the services of a driver. The Contracts typically have a 1-year term, with an automatic renewal for successive 1-year terms absent proper and sufficient notice.

24.     The Contracts give URS the right to exercise all necessary control over the Truck Drivers' wages, hours, and working conditions, including the manner in which and means for assigning and performing the transportation work. Such control includes the contractual right for URS to assume complete responsibility for the operation of the trucks for the duration of the leases. The Contracts also dictate or otherwise permit Defendants to control other major aspects of its economic relationships with the Truck Drivers and with URS's customers.

25.     At all relevant times, Defendants have retained extensive control over the day-to-day work performed by the Truck Drivers. Each day, Defendants assign URS trailers to the Truck Drivers to be pulled to locations designated by URS. The Truck Drivers are typically told when the trailer needs to arrive at the designated location and are often told when to pick up the trailer. The progress of their work is monitored by dispatchers and other URS managerial employees.

26.     Defendants also control and limit the compensation paid to Truck Drivers. URS sets compensation levels based on a fixed percentage of "transport revenue" and subject to numerous deductions, which is not subject to negotiation. Payments are issued weekly.

27.     The Contracts provide that payments to the Truck Drivers are subject to charge backs, which include payments into an escrow account maintained by Defendants and for any cargo or equipment loss or damages for which Defendants have sole discretion to hold the Truck Drivers liable.

28.     The Contracts provide that the relationship between the Truck Drivers and URS is terminable at will on 30 days written notice.  However, in fact Defendants retain the right to terminate at will without any notice, as they have the power to terminate the Contracts "immediately, in the event the Equipment is used in a manner not authorized by Carrier."

29.     At all relevant times, Defendants have controlled all aspects of customer relations, including setting the price for the services, agreeing to and processing customer transportation orders, scheduling the transportation, and handling customer complaints.

30.     The Contracts also require the Truck Drivers to carry certain types of insurance and specifies the levels of coverage and who is to be covered.

31.     Defendants' uniform classification and treatment of Plaintiffs and similarly situated Truck Drivers as "independent contractors" rather than as "employees" is and during all relevant times has been unlawful.

32.     As a result of Defendants misclassifying Plaintiffs and similarly situated Truck Drivers as "independent contractors," Defendants have willfully and knowingly failed to reimburse the Truck Drivers for employment-related expenses, including mileage incurred driving their own trucks in service to Defendants and their customers; the costs of purchasing and/or leasing vehicles and all operation costs associated with the vehicles, including fuel, maintenance, and repair; the costs of various forms and amounts of insurance required by Defendants; purchase of a dedicated smart-phone and related service; and cargo and equipment loss and damages determined by Defendants.

33.     As a result of Defendants misclassifying Plaintiffs and similarly situated Truck Drivers as "independent contractors," Defendants have made unlawful deductions from the wages of Plaintiff and similarly situated Truck Drivers for items such as cargo and equipment loss and damage and escrow accounts.

34.     As a result of Defendants misclassifying Plaintiff and similarly situated Truck Drivers as "independent contractors," Defendants have regularly failed to provide a 30 minute off-duty meal period to Plaintiff and similarly situated Truck Drivers who worked more than five hours

in a day. Defendants have also regularly failed to provide a second 30-minute meal period to Plaintiff and similarly situated Truck Drivers who worked more than 10 hours in a day.

35. As a result of Defendants misclassifying Plaintiff and similarly situated Truck Drivers as "independent contractors," Defendants have regularly failed to authorize and permit 10-minute off-duty, paid, rest periods to Plaintiff and similarly situated Truck Drivers for every four hours worked or major fraction thereof.

36. As a result of Defendants misclassifying Plaintiff and similarly situated Truck Drivers as "independent contractors," Defendants have failed to pay minimum wage compensation to Plaintiff and similarly situated Truck Drivers for all hours worked.

37. The wage statements provided by URS to Plaintiff and Class Members fail to accurately state the actual number of hours worked and the applicable pay rate(s), and fail to account for paid rest breaks.

## V. CLASS ACTION ALLEGATIONS

38. Plaintiff brings this lawsuit as a class action pursuant to Code of Civil Procedure section 382 on behalf of himself and all similarly situated employees. The class Plaintiff seeks to represent ("Class") is defined as:

> All individuals who signed Independent Contractor Service Agreements with URS and worked as Truck Drivers for URS in California at any time during the Class Period.

39. The claims herein have been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest among Class Members with respect to the claims asserted herein and the Class is easily ascertainable:

a. Ascertainability and Numerosity: The potential members of the Class as defined herein are so numerous that joinder would be impracticable. Plaintiff is informed and believes and on such information and belief alleges that URS have employed at least forty (40) Class Members in California during the Class Period. The names and addresses of the Class

- 6 -

Members are available from URS.  Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

       b.   <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and Class Members that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

       i.   Whether URS misclassified Truck Drivers as independent contractors.

       ii.   Whether URS has violated Labor Code sections 1182.11-1182.13, 1194, 1194.2, 1197 and 1198, and IWC Wage Order No. 9, by failing to pay minimum wage for all work performed, and for rest breaks.

       iii.   Whether URS has violated Labor Code sections 226.7 and 512 and IWC Wage Order No. 9 by failing to provide meal periods and by failing to authorize and permit rest periods;

       iv.   Whether URS has violated Labor Code section 2802 by failing to reimburse or indemnify Truck Drivers for business-related expenses, including but not limited to, the costs of fuel, tolls, maintenance, and insurance;

       v.   Whether URS has knowingly and intentionally failed to provide Truck Drivers with an itemized statement showing all hours worked, time paid for rest breaks, and applicable wage rate information, as required by Labor Code section 226, IWC Wage Order No. 9, section 7, and the UCL;

       vi.   What relief is necessary to remedy URS's unfair and unlawful conduct as herein alleged; and

       vii.   Other questions of law and fact.

       c.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class.  Plaintiff and all members of the Class have sustained injuries-in-fact due to their damages arising out of and caused by URS's common course of conduct in violation of law, as alleged herein.

d.   <u>Adequacy of Representation</u>:  Plaintiff is a member of the Class that he seeks to represent, and will fairly and adequately represent and protect the interests of the Class Members.  Counsel representing Plaintiff is competent and experienced in litigating wage and hour class actions.

e.   <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has suffered injury and is entitled to recover by reason of URS' illegal policies and/or practices as alleged herein.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Further, the prosecution of separate actions against URS by individual Class Members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for URS.

## VI.   DAMAGES

40.   As a direct, foreseeable, and proximate result of URS' conduct, Plaintiff and similarly situated Truck Drivers are owed, among other things, reimbursement for business expenses plus interest, compensation for all hours worked plus interest, payments for meal and rest period violations plus interest, wage statement penalties under Labor Code section 226, waiting time penalties under Labor Code section 203, and other statutory penalties, in an amount that exceeds $25,000, the precise amount of which will be proven at trial.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO INDEMNIFY EMPLOYEES FOR BUSINESS-RELATED EXPENSES**
**(Labor Code § 2802)**

41.   The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated Truck Drivers employed by URS in California.

42.    Labor Code section 2802 provides, in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. … For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

43.    While acting on the direct instruction of URS and discharging their duties for them, Plaintiff and other Class Members incurred work-related business expenses, including mileage incurred driving their own trucks in service to Defendants and their customers; the costs of purchasing and/or leasing vehicles, and all operation costs associated with the vehicles, including fuel, maintenance, and repair; the costs of various forms and amounts of insurance required by Defendants; purchase of a dedicated smart-phone and related service; and cargo and equipment loss and damages determined by Defendants, for which Defendants failed to reimburse them.

44.    By requiring Plaintiff and members of the proposed Class to incur business expenses in direct consequence of the discharge of their duties for URS and/or in obedience to URS's direction without fully reimbursing or indemnifying employees for these expenses, URS violated and continues to violate Labor Code section 2802.

45.    As a direct and proximate result of URS's unlawful practices and policies, Plaintiff and members of the proposed Class have suffered monetary losses, and are entitled to restitution of all expenses incurred in the performance of their work duties, interest thereon, reasonable attorneys' fees and costs, and all applicable statutory penalties available for the URS's violations of Labor Code section 2802.

46.    Plaintiff, on behalf of himself and the proposed Class, requests reimbursement and/or indemnification for their required business expenses as stated herein and other relief as described below.

//

## SECOND CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED
(Labor Code §§ 226.2, 1182.11-1182.13, 1194, 1194.2, 1197 & 1198;
Wage Order No. 9, Cal. Code of Regs., tit. 8, § 11090)

47.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated Truck Drivers employed by URS in California.

48.     Throughout the Class Period, Labor Code sections 1182.11-1182.13, 1194, 1197, and Wage Order No. 9 were in full force and effect and required that URS' non-exempt employees receive at least the minimum wage for all hours worked.

49.     Throughout the Class Period, as a result of the policies and practices set forth herein, URS failed to pay Plaintiff and Class Members, and continually fails to pay them, minimum wages as required by law for all of their hours worked.  Specifically, URS failed to pay Plaintiff and other Class Members for hours worked, including for their non-productive time, for time spent dead-heading before the pick-up, and after the delivery, of loads, for their time spent performing work pre- and post-trip, for standby time, for completing necessary paperwork, for required safety meetings, and for rest breaks. Furthermore, the wages that URS paid Plaintiff regularly failed to meet the requirements of applicable minimum wage laws.

50.     As a direct and proximate result of URS' acts and/or omissions, Plaintiff and Class Members have suffered economic damages in amounts to be determined at trial.

51.     Labor Code section 1194(a) provides that an employee who has not been paid minimum wages as required by section 1197 may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

52.     Labor Code section 1194.2 provides that employees who have not been paid at least minimum wages for their hours worked are entitled to recover liquidated damages in an amount equal to the minimum wages that a defendant unlawfully failed to pay them in amounts according to proof at the time of trial.

53.    Additionally, URS did not maintain adequate and accurate records of all wages earned, hours worked, and meal and rest breaks taken, in violation of Wage Order No. 9, section 7.

54.    Plaintiff, on behalf of himself and the Class, requests restitution of unpaid wages, liquidated damages, attorneys' fees and costs under Labor Code section 1194, and other relief as described below.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS
### (Labor Code §§ 226.7and 512, and Wage Order No. 9)

55.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated Truck Drivers employed by URS in California.

56.    Throughout the Class Period, California Labor Code sections 226.7 and 512, and Wage Order No. 9 were in full force and effect and required URS to provide employees who worked in excess of five (5) hours a day without being provided at least a thirty (30) minute meal period in which they were relieved of all duties, and a second thirty (30) minute meal period to employees who worked in excess of ten (10) hours a day, and to pay one (1) hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided.

57.    Plaintiff and Other Class Members have regularly worked in excess of five (5) hours a day and ten (10) hours a day, without being provided at least a thirty (30) minute meal period in which they were relieved of all duties, as required by Labor Code sections 226.7 and 512, and IWC Wage Order No. 9, section 11(A).

58.    Because URS failed to provide meal periods, URS is liable to Plaintiff and other Class Members for one (1) hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7(b) and IWC Wage Order No. 9, section 11(D).

59.     By violating Labor Code section 226.7 and IWC Wage Order No. 9, section 11, URS is also liable for interest under Labor Code section 218.6 and reasonable attorneys' fees and costs under Labor Code section 218.5.

60.     Additionally, URS did not maintain adequate and accurate records of all wages earned, hours worked, and meal and rest breaks taken, in violation of Wage Order No. 9, section 7.

61.     Plaintiff, on behalf of himself and the Class, requests restitution of unpaid wages and other relief as described below.

## FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT REST PERIODS
### (Labor Code §§ 226.2, 226.7; IWC Wage Order No. 9)

62.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated Truck Drivers employed by URS in California.

63.     Plaintiff and other Class Members have regularly worked in excess of three and one-half (3½) hours a day without being permitted to take at least a ten (10) minute rest period for every four (4) hours worked, or major fraction thereof, as required by Wage Order No. 9, section 12 and Labor Code section 226.7.

64.     Because URS failed to permit proper rest periods, URS is liable to Plaintiff and other Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not authorized, pursuant to Labor Code section 226.7(b) and Wage Order No. 9, section 12(B).

65.     Additionally, URS failed to separately compensate Class Members for their rest periods, in violation of Labor Code section 226.2.

66.     By violating Labor Code section 226.7 and Wage Order No. 9, section 12, URS is also liable for interest under Labor Code section 218.6 and reasonable attorneys' fees and costs under Labor Code section 218.5.

67.     Additionally, URS did not maintain adequate and accurate records of all wages earned, hours worked, and meal and rest breaks taken, in violation of Wage Order No. 9, section 7.

68.     Plaintiff, on behalf of himself and the Class, requests restitution of unpaid wages and other relief as described below.

### FIFTH CAUSE OF ACTION

### WAGE STATEMENT PENALTIES
**(Labor Code § 226)**

69.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated Truck Drivers employed by URS in California.

70.     Labor Code section 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked and wages earned by the employee.  Labor Code section 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00).

71.     URS knowingly and intentionally failed to furnish Plaintiff and the other Class Members with timely, accurate, itemized statements showing the actual total hours worked by each of them, as required by Labor Code section 226(a), including time paid for rest breaks.

72.     Plaintiff and other Class Members were damaged by this failure because, among other things, they could not determine whether URS had paid them all wages due.

73.     As a result, URS is liable to Plaintiff and the Class Members for the amounts provided by Labor Code section 226(e).

74.     Plaintiff, on behalf of himself and the proposed Class, requests wage statement penalties pursuant to Labor Code section 226 and relief as described below.

//

//

//

//

## SIXTH CAUSE OF ACTION

**UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES**
**(Business & Professions Code §§ 17200 *et seq.*)**

75.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated Truck Drivers employed by URS in California.

76.     URS's failure to pay legally required compensation under the Wage Order No. 9 and Labor Code provisions, failure to furnish Truck Drivers with wage statements accurately showing hours worked in accordance with Labor Code section 226, failure to provide meal periods as required by Labor Code sections 226.7 and 512, failure to authorize and permit rest periods as required by Labor Code section 226.7, and failure to reimburse Class Members' business expenses, as alleged above, constitute unlawful and/or unfair activities prohibited by Business and Professions Code section 17200.  Plaintiff reserves the right to identify additional unfair and unlawful practices by URS as further investigation and discovery warrants.

77.     Moreover, Business and Professions Code section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices.  Plaintiff seeks a court order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to themselves and Class Members, according to proof, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

78.     Plaintiff and all Class Members are "persons" within the meaning of Business and Professions Code section 17204 who have suffered injury in fact as a result of URS' unfair competition, and who comply with the requirements of Code of Civil Procedure section 382, as set forth above, and therefore have standing to bring this claim for injunctive relief, restitution, and other appropriate equitable relief.

79.     As a result of its unlawful and/or unfair acts, URS has reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed Class Members.  URS should be enjoined from this activity and made to restore to Plaintiff and proposed Class Members their wrongfully withheld wages, interest thereon, and related statutory penalties, pursuant to Business and Professions Code sections 17202 and 17203.

80.     Private enforcement of these rights is necessary, as no other agency has raised a claim to protect these workers.  There is a financial burden incurred in pursuing this action that would be unjust to place upon Plaintiff, as the burden of enforcing workforce-wide rights is disproportionately greater than that of enforcing only a Plaintiff's individual claims.  Additionally, Plaintiff and Truck Drivers are low-income workers who cannot afford to spend part of their wages on enforcing others' wage rights.  Therefore, it would be against the interests of justice to force payment of attorneys' fees from Plaintiff' recovery in this action.  Accordingly, attorneys' fees are appropriate and sought pursuant to the Code of Civil Procedure section 1021.5.

81.     Plaintiff, on behalf of himself and the Class, requests restitution of unpaid wages, wage premiums, injunctive relief and other relief as described below.

## SEVENTH CAUSE OF ACTION

### PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT
(Labor Code §§ 2698, *et seq.*)

82.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference. Plaintiffs brings this cause of action on behalf of himself and other individuals that URS has employed as truck drivers pursuant to Independent Contractor Service Agreements in the State of California ("aggrieved employees").

83.     Pursuant to Labor Code section 2699.3(a), on February 10, 2020, Plaintiff gave notice by electronic filing and by certified mail to URS and the Labor Workforce Development Agency ("LWDA") of the factual and legal basis for the labor law violations alleged in this complaint. The LWDA has not provided notice pursuant to Labor Code section 2699.3(a)(2)(A), and 65 calendar days have passed since the postmark date of Plaintiff's notice. Therefore, Plaintiff is entitled to commence a civil action pursuant to Labor Code section 2699.

84.    Labor Code section 2699(f) provides, in pertinent part:  "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

85.    Labor Code section 2699(g)(1) provides, in pertinent part:  "[A]n aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action . . . filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.  Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

86.    Plaintiff is an aggrieved employee as defined by Labor Code section 2699(a).

87.    Plaintiff's cause of action under Labor Code section 2698, *et seq.* is based on the following allegations:

    a.    Violations of Labor Code section 558 for failing to pay minimum wages due. Specifically, URS does not pay minimum wages to Plaintiff and other aggrieved employees for all hours worked, as required by Labor Code sections 1182.1-1182.3, 1194, 1194.2, 1197 and 1198.

    b.    Violations of Labor Code section 558 for failing to pay wages due, including those for missed meal and rest periods as required by Labor Code sections 226.7 and 512. Specifically, with respect to meal breaks, URS does not permit Plaintiff and other aggrieved employees to take off-duty meal periods, and does not pay one additional hour of pay at their regular rate of compensation for each missed meal period. URS also does not pay Plaintiff and other aggrieved employees for their rest periods. Nor does it pay one additional hour of pay at their regular rate of compensation for each missed rest period.

c.     Violations of Labor Code section 2802, requiring employers to indemnify

employees for all work-related expenditures. Specifically, URS does not indemnify

Plaintiff and other aggrieved employees for business related expenses incurred by

Plaintiff and other aggrieved employees in the discharge of their work duties,

including, but not limited to, for fuel, maintenance, tolls, insurance, and the use their

personal cell phones for work-related purposes.

d.     Violations of Labor Code section 226, requiring employers to provide specific

information on employees' itemized wage statements, as URS does not include all

hours worked and wages earned on the wage statements of Plaintiff and other

aggrieved employees.

e.     Violations of Labor Code sections 201 through 203, requiring the timely payment of

wages, as URS has not timely paid those aggrieved employees who are no longer

employed with URS all wages owed and due after termination of employment.

f.     Violations of Labor Code sections 204 and 210, based on URS's failures to pay

Plaintiff and similarly situated aggrieved employees all owed wages on their regular

pay day.

88.     As a direct and proximate result of URS's unlawful practices and policies, Plaintiff
and other aggrieved employees have suffered and continue to suffer monetary losses.

89.     Plaintiff, on behalf of himself and other aggrieved employees, requests civil
penalties against URS for violations of the Labor Code, as provided under Labor Code section
2699(f), plus reasonable attorneys' fees and costs, as provided under Labor Code section
2699(g)(1), in amounts to be proved at trial.

## VIII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff on behalf of himself and the above-described Class of similarly
situated Truck Drivers, requests relief as follows:

a.     Certification of the above-described Class as a class action, pursuant to Code of

Civil Procedure section 382;

b.  Certification of the above-described Class as a representative class under Business and Professions Code section 17200;

c.  Provision of Class Notice to all Truck Drivers who worked for URS during the Class Period;

d.  A declaratory judgment that URS has knowingly and intentionally violated Business and Professions Code sections 17200-17208, by the conduct set forth above.

e.  A declaratory judgment that URS' violations as described above were willful;

f.  An equitable accounting to identify, locate, and restore to all current and former Truck Drivers the wages and business expenses that are due;

g.  An award to Plaintiff and the Class Members of damages in the amount of unpaid wages, and meal and rest period pay, including interest thereon, subject to proof at trial;

h.  An award to Plaintiff and the Class Members of damages in the amount of unreimbursed business expenses, including interest thereon, subject to proof at trial;

i.  An award to Plaintiff and the Class Members of statutory penalties because of URS' failure to provide Plaintiff and the Class Members with itemized wage statements that comply with the requirements of Labor Code section 226;

j.  An award of civil penalties under Labor Code section 2698, *et seq.*;

k.  An order requiring URS to pay restitution of all amounts owed to Plaintiff and similarly situated Truck Drivers for URS' failure to pay legally required wages, meal and rest period pay, and unreimbursed business expenses, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code section 17203;

l.  An award to Plaintiff and the Class Members of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure section 1021.5 and Labor Code sections 218.5, 218.6, 226(e), 226.7, 512, 558, 1194, and/or other applicable law; and

1      m.     An award to Plaintiff and the Class Members of such other and further relief as this

2            Court deems just and proper.

DATED: April 17, 2020 April 17, 2020          HUNTER PYLE LAW

By: _/s/ Hunter Pyle_____
     Hunter Pyle

Attorneys for Plaintiff and the Putative Class

*CLEMONS v. URS MIDWEST INC., ET AL.*
**FIRST AMENDED COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff, Andre Clemons, individually and on behalf of all other similarly situated Class Members, demands a jury trial of this matter on all claims so triable.

DATED: April 17, 2020 April 17, 2020                    HUNTER PYLE LAW

By:  /s/ Hunter Pyle
                    Hunter Pyle

Attorneys for Plaintiff and the Putative Class

*CLEMONS v. URS MIDWEST INC., ET AL.*
**FIRST AMENDED COMPLAINT**